Case 5:25-cv-00112   Document 21   Filed on 08/25/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOSE PADRON COVARRUBIAS § <br> § <br> VS. § <br> § <br> MIGUEL VERGARA, ICE Field Office § <br> Director, San Antonio ICE Detention and § <br> Removal, in his Official Capacity; § <br> KRISTI NOEM, in her Official Capacity § <br> as the Secretary for Homeland Security; § <br> PAMELA JO BONDI, in her Official § <br> Capacity as Attorney General of the U.S. § <br> Department of Justice; JUAN S. DIAZ, § <br> Warden, Laredo Processing Center, § <br> Corrections Corporation of America; § <br> ATTORNEY SUSAN AIKMAN, in her § <br> Official Capacity as Assistant Chief § <br> Counsel Office of Chief Counsel, U.S. § <br> Immigration and Customs Enforcement § | CIVIL ACTION NO. 5:25-CV-112 |

## **ORDER**

Before the Court is Respondents' Opposed Motion for Extension of Time to Respond to Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 14). Respondents seek to extend their deadline to respond to Petitioner's petition from August 11, 2025, to August 25, 2025. (*Id.* at 5). Petitioner opposes Respondents' motion, stating that the Court "should not permit any delay in the parties' argument of their cases" as Petitioner has been detained by ICE for over two months. (Dkt. No. 19 at 2).

Rule 6(b) governs extensions of deadlines set by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 6(b)(1). When a party moves to extend a deadline before it expires, the court may extend the deadline for "good cause." Fed. R. Civ. P. 6(b)(1). "The permissive language of Rule 6(b) shows that any grant of an extension of time

for when an act must be done falls to the district court's discretion." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010); *see also SL Pathology Leasing of Texas LLC v. Miraca Life Scis., Inc.*, 2015 WL 672264, at *1 (S.D. Tex. Feb. 17, 2015). However, this Court imposes additional requirements for moving to extend a deadline. One such requirement is that motions for deadline extensions "must be filed prior to the date of the controlling deadline[.]" HON. JOHN A. KAZEN CIV. CT. P. 4(A). Motions for deadline extensions "filed on or after the date of the deadline" will be granted only upon a showing of good cause. *Id.*

Here, Respondents did not file their motion to extend until the day of the controlling deadline. (*See* Dkt No. 14). Regardless, Respondents seek an extension, stating they have been "unable to complete the response to the Petition" due to "a heavy litigation docket." (*Id.* at 2). While the Court is mindful of Petitioner's opposition to delays in this matter, the Court, nonetheless, finds that good cause has been established to extend the deadline despite Respondents' failure to comply with the Court's additional requirements.

Accordingly, the Court **GRANTS** Respondents' Opposed Motion for Extension of Time to Respond to Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 14). The Court **EXTENDS** Respondents' deadline to respond to Petitioner's petition to **August 25, 2025.**[1] Additionally, Respondents are admonished to follow the Court's rules.

(signature on next page)

---

[1] The Court notes that Respondents filed their Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 20), on August 25, 2025, prior to this Order.

IT IS SO **ORDERED**.

**SIGNED** the 25th day of August, 2025.

                                                     _____
                                                     Christopher dos Santos
                                                     United States Magistrate Judge