United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JOSE PADRON COVARRUBIAS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:25-CV-00112** |
| | § | |
| **MIGUEL VERGARA, et al.,** | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Respondents' Advisory, (Dkt. No. 45), notifying the Court of their position that there are no longer any live issues in this case and that the case may be closed. As stated below, Petitioner is **ORDERED** to file a response by **November 16, 2026**. The Court lays out the following procedural history of this case in order to provide context to its current posture.

On October 8, 2025, the Court granted in part Petitioner's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief. (Dkt. No. 30). The Court ordered Respondents to provide Petitioner with a bond hearing or release him. (*Id.*). On October 21, 2026, the parties jointly advised the Court that Petitioner was provided a bond hearing before an Immigration Judge, the Immigration Judge ordered Petitioner released on bond, Petitioner posted the bond, and Petitioner would be released from detention within 24 hours. (Dkt. No. 31). Petitioner was subsequently released. On October 23, 2025, the Court entered final judgment in this case. (Dkt. No. 32). On October 24, 2025, Respondents appealed this Court's decision to the Fifth Circuit Court of Appeals. (Dkt. No. 33).

On April 16, 2026, the Fifth Circuit Court of Appeals reversed this Court's ruling and remanded the case for further proceedings. (Dkt. No. 39). On April 21, 2026, this Court withdrew its prior Memorandum Opinion & Order, (Dkt. No. 30), and ordered the parties to file advisories stating their respective positions on how the case should proceed. (Dkt. No. 40). On May 1, 2026, the Parties jointly advised the Court that Petitioner remained out of detention, and they requested the case be stayed pending the decision

from Fifth Circuit Court of Appeals in *Sosnava-Rodriguez v. Blanche,* No. 26-50183. (Dkt. No. 41).

On May 7, 2026, this Court stayed this case pending the decision from the Fifth Circuit Court of Appeals in *Sosnava-Rodriguez*. (Dkt. No. 42). This Court further ordered the parties to file additional advisories on their respective positions within seven days from the issuance of the opinion in *Sosnava-Rodriguez*.

On July 9, 2026, Petitioner filed an advisory informing the Court that he believed a live controversy remained because Respondents could re-detain him, requiring intervention by this Court. (Dkt. No. 43). Further, Petitioner advised the Court that he timely filed a petition for a writ of certiorari with the Supreme Court of the United States on July 2, 2026, asking for review of the Fifth Circuit's statutory interpretation of 8 U.S.C. §§ 1225 and 1226. (*Id.*). Respondents did not file the advisory required by this Court's Order. (Dkt. No. 44). On July 10, 2026, the Fifth Circuit granted its own motion for rehearing en banc in *Sosnava-Rodriguez* and vacated its panel decision from July 2, 2026. *Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026).

On July 14, 2026, subsequent to the Fifth Circuit withdrawing its panel decision, this Court again stayed this action pending the Fifth Circuit's en banc ruling in *Sosnava-Rodriguez* and ordered the parties to file advisories within seven days of the Fifth Circuit's issuance of its opinion. (Dkt. No. 44). On October 23, 2026, the Fifth Circuit issued its en banc opinion in *Sosnava-Rodriguez*. *Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026).

On October 30, 2026, Respondents filed an advisory informing the Court that Petitioner remains free from detention pursuant to a bond granted by the Immigration Judge. (Dkt. No. 45). Further, Respondents submit that there are no longer any live issues in this case and that the case may be closed. (Dkt. No. 45). Petitioner did not file the advisory required by this Court's Order, (Dkt. No. 44).

Petitioner is **ORDERED** to file an advisory **by November 16, 2026,** responding to Respondents' advisory, (Dkt. No. 45), and informing the Court of his position on the existence of any live issues remaining in this case or whether he believes the case should be closed at this time. Petitioner is advised that, if the Court does not receive a response by the deadline, the case may be closed with the entry of a final judgment.

It is so **ORDERED**.

**SIGNED** on November 9, 2026.

John A. Kazen
United States District Judge